RHODE ISLAND HOSPITAL TRUST COMPANY, Tr. *vs.* HAROLD FITZGERALD *et al.*

JUNE 14, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This bill in equity is brought by a substituted trustee of certain trusts created by the will of Harriot A. Church, late of Providence, deceased, praying for instructions relative to said trusts. All persons interested in said trusts have been made parties. Guardians *ad litem* have been appointed for the minors and persons unascertained and not in being. The bill was filed in the Superior Court and, being ready for hearing for final decree, was certified to this court for determination as required by § (4968), G. L. 1923.

The will of said Harriot A. Church was admitted to probate by the Municipal Court of the City of Providence in 1877. The will is dated January 16, 1873.

After making one bequest, the testatrix devised and bequeathed the residue of her estate to trustees with instructions to make certain payments from the income of said trust estate to her husband, a niece, a nephew named Ormand Edward FitzGerald during their lives and the balance of said income to be paid to a nephew named Desmond FitzGerald "and to the lineal descendants of said nephew, in equal shares, after his decease." The will then provided that at the decease of said husband, niece and

nephew Ormand the "trustee shall convey and pay over all said trust estate, and the rents, income and profits thereof in his hands, unto my said nephew Desmond FitzGerald, and to his heirs and assigns, absolutely and discharged of all trusts:—but in case the said Desmond shall then have deceased, leaving lineal descendants living, then said trustee shall convey and pay over the same, in equal shares, unto such lineal descendants of my said nephew, absolutely and discharged of all trusts;—and in default of any lineal descendant or descendants of my said nephew entitled to take the said trust estate as aforesaid, then said trustee shall convey and pay over the same absolutely unto my heirs at law."

The husband and niece of the testatrix died several years ago. Said Desmond FitzGerald died September 22, 1926, and said Ormand E. FitzGerald died April 18, 1928. Desmond FitzGerald died leaving as direct descendants four children, five grandchildren and three great-grandchildren.

The trustee is in doubt as to which of the descendants of Desmond FitzGerald are entitled to share the income of said trust estate which accrued during the life of said Ormand and also to share the principal of said trust estate given by said will unto the lineal descendants of said Desmond FitzGerald in equal shares after the death of said Ormand and asks for instructions as to these payments.

The attorneys for the four children of said Desmond claim that all of the income and principal should be paid to them. The guardian *ad litem* of the minor grandchild and three great-grandchildren claims that all of the lineal descendants of Desmond FitzGerald who were living at the time of his decease are entitled to share *per capita* in the distribution of the income and principal and the guardian *ad litem* of the unknown and unascertained interests claims that the income and principal should be paid in equal shares *per capita* to all of the lineal descendants of Desmond FitzGerald living at the time of the death of Ormand.

The cardinal rule of testamentary construction is to ascertain the intent of the testator and give it effect, unless

the testator attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy. 28 R. C. L. 211.

In this case the testatrix gave all of said trust estate absolutely to her nephew Desmond FitzGerald, his heirs and assigns, if he survived the other three *cestuis que trustent*. If he predeceased them, leaving lineal descendants, the trust fund was to be paid and conveyed to them upon the death of said *cestuis que trustent*. The law favors the vesting of estates and if the intention be doubtful the legacy will, if possible, be held to be vested rather than contingent. *In re Norris*, 46 R. I. 57. Desmond Fitz-Gerald took a vested interest in said trust fund subject to be divested in case of his death without leaving lineal descendants. As above stated, he died leaving four children and in our opinion they are his "lineal descendants" to whom the testatrix intended to give said trust fund in case of his death before the other *cestuis que trustent*.

The claims made by the guardians *ad litem* that the grandchild, great-grandchildren and unascertained interests are "lineal descendants" of Desmond FitzGerald entitled to share in the distribution of the income and principal of said trust fund can not be allowed. The term "descendant" according to its lexicographical and legal meaning designates the issue of a deceased person and does not describe the children of a parent who is still living. 18 C. J. 792. In *Hillen* v. *Iselin et al.*, 144 N. Y. Rep. 365, the court said: "The learned counsel for the appellant has shown that the word 'descendant', according to its accurate and lexicographical and legal meaning, designates the issue of a deceased person, and does not describe the child of a parent who is still living. The word is the correlative of ancestor. The word issue is a word of broader import and may include the children of a living parent as well as the children or descendants of one who is dead. But in an accurate sense one cannot have a living ancestor, nor can a living person, although he may have children, have descendants. . . . The learned counsel for the respondents, while not con-

troverting the proposition that the word descendant, in legal definition, means a child or children of a deceased person who was the *stirps* or stock of descent, nevertheless contended that the word as used by the testator . . . was intended to embrace all the persons in the line of descent from any child or children of . . . that is to say, as well the children of a living son or daughter, during the lifetime of the parent, as the issue of such son or daughter the parent being dead."

As stated in this excerpt the word "issue" is of broader import than the word "descendant", and may be construed to include grandchildren as well as children as was done in the case of *Pearce* v. *Rickard*, 18 R. I. 142. But in said case and in the case of *R. I. H. Tr. Co.* v. *Bridgham*, 42 R. I. 161, the reluctance of courts to give such a broad meaning to the word "issue" was noticed and in the latter case it was held that the word "issue" did not include grandchildren whose parent was living.

We find nothing in the will of Mrs. Church indicating an intent that the grandchild or great-grandchildren of Desmond FitzGerald should share equally with his children in the distribution of the trust fund. To so hold would probably defeat her real intent rather than effectuate it.

As the four children of Desmond FitzGerald survived him and the *cestuis que trustent*, they are his lineal descendants entitled to receive, in equal shares, the income and principal of said trust estate, and the trustee is so instructed.

June 19, 1928, the parties may submit, for our approval, a form of decree in accordance with this opinion, to be entered in the Superior Court.

*William R. Tillinghast, Horace L. Weller, Tillinghast & Collins*, for complainant.

*Frederick W. Tillinghast, Edward W. Lincoln, Hinckley, Allen, Tillinghast & Phillips*, for respondents FitzGerald.

*William H. Edwards*, guardian *ad litem*, for minors.

*James B. Littlefield*, guardian *ad litem* for persons not ascertained, &c.